# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 4632 | **DATE** | July 22, 2011 |
| **CASE TITLE** | *Killingsworth v. Wells Fargo* | | |

**DOCKET ENTRY TEXT:**

Plaintiff Denise Killingsworth filed two documents, both of which are entitled "complaint."The "complaint" with a handwritten address for the firm of Fisher & Shapiro was docketed [Dkt. 1]. The second "complaint" was not, presumably because the clerk thought the two complaints were identical. They are not. Hence, the clerk shall scan and file the second "complaint" and place it on the docket as "complaint part 2." Ms. Killingsworth's motion for leave to proceed in forma pauperis [Dkt. 4] is granted and her motion for appointment of counsel [Dkt. 5] is denied. The complaint (Parts 1 and 2) is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.

■ [ For further details see text below.]

Docketing to Mail Notices.

## STATEMENT

Pro se plaintiff Denise Killingsworth seeks leave to proceed in forma pauperis. This court has the power to screen complaints filed by all litigants prior to service, regardless of their fee status, and must dismiss a complaint if it fails to state a claim. 28 U.S.C. § 1915(e)(2)(B); *Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999). Because Ms. Killingsworth is proceeding pro se, the court has construed her filings liberally.

The court finds that Ms. Killingsworth is indigent and thus grants her motion for leave to proceed in forma pauperis. With respect to her motion for appointment of counsel, civil litigants do not have a right, either constitutional or statutory, to counsel. *Zarnes v. Rhodes*, 64 F.3d 285,288 (7th Cir. 1995). The court may nevertheless, in the exercise of its discretion, request counsel to represent indigents in appropriate cases. *Id*. The court declines to appoint counsel as it is able to glean the substance of Ms. Killingsworth's claims from her filings and providing appointed counsel would not affect the result.

The court thus turns to a review of Ms. Killingsworth's complaint. She filed two documents, both of which are entitled "complaint."The "complaint" with a handwritten address for the firm of Fisher & Shapiro was docketed [Dkt. 1]. The second "complaint" was not, presumably because the clerk thought the two

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

complaints were identical. They are not. Hence, the clerk is directed to scan and file the second "complaint" and place it on the docket as "complaint part 2."

The court has carefully reviewed both documents, including the voluminous attachments. It appears that Ms. Killingsworth was involved in two state court foreclosure actions in the Circuit Court of Cook County relating to two different homes, both of which resulted in judgements of foreclosure. *See Wells Fargo v. Killingsworth*, No. 02 CH 20810 (property sold in March of 2007); *Provident Bank v. Killingsworth*, 03 CH 19672 (property sold in July of 2009). A prior state court mortgage foreclosure case filed by Wells Fargo was dismissed voluntarily in July of 2002. *See Wells Fargo v. Killingsworth*, No. 2001 CH 21001. A review of the bankruptcy court's docket for the Northern District of Illinois discloses multiple bankruptcy cases filed by Ms. Killingsworth, including No. 06 B 16225, which is discussed in her complaints.

Ms. Killingsworth's filings are lengthy. She appears to be alleging that the state court foreclosure proceedings were unfair, that the banks involved in her cases took advantage of her, and that the loss of her homes worked a "great injustice" on her and her family. Dkt. 1 at 4. She also contends that the state court lacked jurisdiction and that Wells Fargo engaged in fraud in connection with both state court foreclosure cases. It appears that Ms. Killinsgworth filed an unsuccessful state court appeal, but she does not provide documentation relating to the appeal (No. 1-08-0593).

The court acknowledges that Ms. Killingsworth is very upset with the outcome of the state court cases. However, this court's jurisdiction (*i.e.*, its power to address the merits of disputes brought to it) is limited. Ms. Killingsworth asks the court to find that the state court should have dismissed the mortgage foreclosure complaints brought by the banks and an award of $5,000,000 in damages for pain and suffering that she "endured when these case[s] could have gone a different way." Dkt. 1 at 5. The mortgage foreclosure cases, however, have already been litigated in state court. The United States Supreme Court is the only federal court empowered to exercise appellate review over state court decisions. *See* 28 U.S.C. § 1257; *Garry v. Geils*, 82 F.3d 1362, 1365 (7th Cir. 1996).

This principle led to what is commonly known as the *Rooker-Feldman* doctrine. Under this doctrine, federal district courts may not exercise jurisdiction in an appellate capacity over the state court judicial process. *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *Dist. Of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). To determine whether the *Rooker-Feldman* doctrine bars a plaintiff's federal suit, this court must ask whether the injury alleged by the plaintiff resulted from the state court judgment itself or is distinct from that judgment. *See Garry v. Geils*, 82 F.3d at 1365; *see also Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 555 (7th Cir.1999) (court must ask whether the plaintiffs seek to set aside a state court judgment or to present an independent claim). If the injury alleged in the federal complaint was caused by the state court judgment, then the federal court lacks subject matter jurisdiction. *See GASH Assoc. v. Village of Rosemont*, 995 F.2d 726, 728-29 (7th Cir. 1993).

Here, Ms. Killingsworth's injury is the loss of her properties due to the state court foreclosure judgments. She ultimately wishes to secure a declaration that the state court lacked jurisdiction and, presumably, that she is the rightful owner of the properties that were the subject of the state court proceedings. She is, therefore, not asking the court to remedy an injury that is separate from the state court judgment.

(continued)

Rather, she is asking this court to act in an appellate capacity to reverse the state court judgment. This type of relief is clearly barred by the *Rooker-Feldman* doctrine. *See, e.g., GASH Assocs. v. Village of Rosemont*, 995 F.2d at 729 (the *Rooker-Feldman* doctrine applied because "GASH did not suffer an injury out of court and then fail to get relief from state court; its injury came from the [state court] judgment confirming the sale [of property]").

This court thus appreciates Ms. Killingsworth's dissatisfaction with the orders entered by the state court in the two mortgage foreclosure cases. Nevertheless, for the reasons discussed above, it cannot exercise subject matter jurisdiction over Ms. Killingsworth's federal court claims. Accordingly, the complaint (Parts 1 and 2) is dismissed for lack of jurisdiction pursuant to 28 U.S.C. § 1915(e)(2)(B). The clerk is directed to enter a Rule 58 judgment and terminate this case from the court's docket.